# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **ANGELA LOCKHART** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: _____ |
| v. | ) |
| | ) **JURY DEMANDED** |
| **D & S RESIDENTIAL SERVICES, LP** | ) |
| *A Texas Limited Partnership* | ) |
| | ) |
| **Defendant.** | ) |

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Angela Lockhart (hereinafter referred to as "Ms. Lockhart," or "Plaintiff") on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against Defendant, D & S Residential Services, LP (hereinafter "D & S" or "Defendant") states as follows:

### NATURE OF THE COMPLAINT

1. Ms. Lockhart, on behalf of herself and all others similarly situated, brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Lockhart, on behalf of herself and all others similarly situated, brings this action against D & S for unpaid overtime compensation, working "off-the clock," and related penalties and damages.

3. Ms. Lockhart is a former employee of Defendant who alleges that Defendant failed and refused to pay her the statutory required overtime premium for all hours worked over forty in a

designated work week and asked her to work off the clock during her lunch break and before or after hours.

4. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Ms. Lockhart, on behalf of herself and all others similarly situated, seeks declaratory relief, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendants and wages for all hours worked and not compensated ("off the clock" hours), liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

5. Defendant's practice and policy is, and has been since on or about December 2016, to willfully fail and refuse to pay an overtime premium due and owing to Ms. Lockhart and all others similarly situated in violation of the FLSA, and to willfully fail to compensate Ms. Lockhart for all hours worked while employed by Defendant.

6. Defendant institutes and carries out an unlawful policy and practice of refusing to pay Ms. Lockhart and all others similarly situated for all time worked and refusing to pay her overtime for all hours worked in any given work week over forty, notwithstanding the fact that they are/are non-exempt employees entitled to an overtime premium under the FLSA.

**PARTIES**

7. Ms. Lockhart is an adult resident of Cordova, Shelby County, Tennessee.

8. Ms. Lockhart is an employee of Defendant for FLSA purposes.

9. Defendant D & S Residential Services, LP is a Limited Partnership registered to do business in the State of Tennessee. D & S Residential Services, LP's principal office is in Austin, Texas. D & S Residential Services, LP may be served through its Registered Agent

James Burgess at 269 Cusick Road, Suite C2 Alcoa, Tennessee 37701-3193. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

10. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

11. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

12. Defendant does business in the Western Division of Tennessee. Furthermore, a substantial part of the events giving rise to Ms. Lockhart's claims occurred in the Western District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District of Tennessee.

## REPRESENTATIVE ACTION ALLEGATIONS

13. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as Program Supervisors within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

14. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff, Ms.

Lockhart, the Representative Plaintiff, because the claims of Plaintiff are similar to the claims of the plaintiffs of the representative action.

15. Ms. Lockhart is similarly situated to the putative members of the collective employees for Defendant, had substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

## FACTUAL BACKGROUND

16. Defendant employed Ms. Lockhart, with Ms. Lockhart's employment beginning in approximately March 2016 and ending in approximately February 2018.

17. Defendant hired Ms. Lockhart to work as a Program Supervisor.

18. Prior to December 2016, Defendant paid Ms. Lockhart and those similarly situated on a salary basis.

19. Beginning in December 2016, Defendant paid Ms. Lockhart and those similarly situated on an hourly rate basis.

20. Upon information and belief, all program supervisors were paid on an hourly rate basis after December 2016.

21. Defendant failed and refused to pay Ms. Lockhart and those similarly situated for all hours worked.

22. Defendant failed and refused to pay Ms. Lockhart and those similarly situated for afterhours work, i.e. work performed after the standard work day or on the weekend, performed in any given workweek.

23. Defendant failed and refused to pay Ms. Lockhart and those similarly situated for "lunch break" hours actually worked in any given work week.

24.     Defendant knew or should have known Plaintiff and those similarly situated were working through their lunch break for Defendant's benefit.

25.     Defendant knew or should have known Plaintiff and those similarly situated were working after regularly scheduled hours for Defendant's benefit.

26.     When Ms. Lockhart and all others similarly situated began receiving hourly pay, they were instructed to fill out a call log for afterhours phone calls.

27.     Therefore, Defendant knew Ms. Lockhart and all others similarly situated were performing work outside of regular business hours.

28.     When Ms. Lockhart and all others similarly situated filled out a call log, they were instructed to only list the minutes spent talking on the phone.

29.     Defendant's employees reported to management that the logs did not truly reflect the hours they are working with regard to the calls.

30.     Shortly after beginning the call logs, management discontinued the use of the call logs because of employee complaints that they did not accurately reflect the hours worked.

31.     Management informed Ms. Lockhart and all others similarly situated that they were going to work to find another method to report these hours worked.

32.     No solution was ever provided to the Program Supervisors.

33.     Defendant did not provide Plaintiffs with a method to report their hours worked outside of regular business hours.

34.     Ms. Lockhart, from the time D&S began paying her on an hourly rate basis until the time she was terminated, took phone calls off the clock that D&S was aware she was taking.

35.     Ms. Lockhart, and all others similarly situated, were not compensated for these calls and the work that needed to be performed after receiving these calls.

36. Ms. Lockhart and all others similarly situated were non-exempt employees.

37. Ms. Lockhart and all others similarly situated worked off the clock hours multiple times a week.

38. Ms. Lockhart and all others similarly situated were rarely released from their duties completely during their so called "lunch breaks" while working for Defendant.

39. Defendant failed to compensate Ms. Lockhart and all others similarly situated for all compensable time they worked at Defendant's facility.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Ms. Lockhart and all others similarly situated re-allege and incorporate herein the allegations contained in Paragraphs 1 through 39 as they were set forth fully herein.

41. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

42. Upon information and belief, at all relevant times, Defendant employed "employee[s]," including Ms. Lockhart and all others similarly situated.

43. Upon information and belief, at all relevant times, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

44. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

45. Defendant failed to pay Ms. Lockhart and all others similarly situated for off the clock hours worked, including on her lunch break and after hours calls.

46. As a result, Defendant failed to pay Ms. Lockhart and all others similarly situated minimum wage and/or an overtime premium for all hours worked in any given workweek.

47. Ms. Lockhart and all others similarly situated were entitled to be paid compensation for all hours worked and is entitled to be paid for work performed after hours and off the clock.

48. Defendant knew or should have known that compensable work was being performed off the clock because Ms. Lockhart and all others similarly situated were, at one time, required to report work performed after hours, and despite discontinuing the practice of reporting hours worked after hours, were required to continue working off the clock.

49. As a result of Defendant's failure to compensate Ms. Lockhart for all hours worked, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

50. Defendants' failure to compensate Plaintiff and similarly situated employees properly under the FLSA was not a good faith violation of the FLSA under 29 U.S.C. § 260.

51. Further, by failing to accurately record, report, and/or preserve records of hours worked by employees, Defendant has failed to make, keep, and preserve records with respect to its employees sufficient to determine wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Lockhart prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Judgement against Defendant that its violations of the FLSA were willful;

3. Pre-Judgment and Post-Judgment interest, as provided by law;

4. An award of money damages for unpaid wages, including liquidated damages, pre-judgment and post-judgment interest, and penalties in an exact amount to be determined at trial;

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiff Ms. Lockhart as Representative Plaintiff of the putative members of the FLSA representative action;

7. Award her costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Ms. Lockhart hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: August 28, 2018                              Respectfully submitted,

                                          s/ Bailey H. Dorsey
                                          Alan G. Crone, TN Bar No. 014285
                                          Laura Ann E. Bailey, TN Bar No. 027078
                                          Bailey H. Dorsey, TN Bar No. 033664
                                          THE CRONE LAW FIRM, PLC
                                          88 Union Avenue, 14th Floor
                                          Memphis, TN 38103
                                          800.403.7868 (voice)
                                          901.737.7740 (voice)
                                          901.474.7926 (fax)
                                          acrone@cronelawfirmplc.com
                                          lbailey@cronelawfirmplc.com
                                          bdorsey@cronelawfirmplc.com

                                          *Attorneys for Plaintiff*